Pearson, J.
 

 This was debt on a bond for $100; pleas, “ general issue, payment, fraud, &c.the jury find
 
 “
 
 all issues,” in favor of the defendant.
 

 In the Court below, the case was made to turn upon the question of payment, and the jury acting, Ave presume, under a general impression of the injustice of the plaintiffs’ demand, and being left at large by the instructions of the presiding Judge, find all the issues in favor of the defendant.
 

 ¥e Avill not advert to the points made upon the plea of payment, because on the face of the proceeding, a ground is presented, upon which the defendant can take his position, and deny,
 
 in TAmi/ne,
 
 the plaintiff s’ cause of action, to wit, the writing declared on is not
 
 his deed.
 

 According to the evidence, in a conversation between the
 
 *418
 
 parties, tlie intestate of the defendant said, “you paid me $100 at one time, for which I gave you
 
 a note, instead of a
 
 receipt.” This was assented to, by silence. Needham Hyman swore, that George Hyman told him, that Edmund S. Moore was groggy, and he (George)
 
 paid
 
 him $100 on account of the fish, and Moore gave him
 
 a note for the same, instead of a receipt.
 
 Miles Davis proves two other conversations of the plaintiff, to the same effect.
 

 Now, the question of law is, the facts being admitted, was the writing declared on,
 
 the deed
 
 of the defendant’s intestate ?
 

 To constitute a deed, there must be
 
 an intention to do the tMng,
 
 as well as an act; so that an act, without an intention, is just as inoperative as an intention without an act;
 
 loth
 
 are required to make
 
 a deed.
 
 The distinction between fraud in
 
 the factum,
 
 and the fraud
 
 in procv/ring or inducing the execution of an instrwnent,
 
 is plain, yet some how or the other, it is not readily reduced to practical application. Fraud in the factum, is, where a party executes an instrument without having capacity; as a feme covert, or one non compos, or without knowledge of the contents ; as, where a different instrument is slipped into the place of one he intended to execute, or where it is read falsely, or from some other cause he executes it in ignorance of its contents, so that he did not intend to do, what the instrument purports.
 
 Fraud mprocuring or indiccing the execution of a/n instrwnent,
 
 is, where a party having capacity, and with a knowledge of the contents, and with an intention to make it
 
 his deed,
 
 is induced by undue influence, false representations, or fraud in the consideration, to execute the instrument, with a knowledge of its contents, and
 
 with an intention to make it his deed.
 

 In our case, the want of intention is fully proven, and to hold, that the plaintiff is entitled to recover upon an instrument executed under such circumstances, and that the defendían must resort to a Court of Equity for protection, would be to put disgrace upon the Common Law Courts.
 

 The distinction between fraud in the factum, and fraud in procuring the execution of a deed, is well pointed out, and
 
 *419
 
 the line of demarkation distinctly drawn, in the following eases:
 
 Reed
 
 v.
 
 Moore,
 
 3 Ire. Rep. 314;
 
 Logan
 
 v.
 
 Simmons,
 
 1 Dev. and Bat. 14;
 
 Gant
 
 v.
 
 Hunsucker,
 
 12 Ire. 258. The bond declared upon, was not the deed of the defendant’s intestate, and the jury were well justified, in finding in his favor, on the “ general issue.”
 

 Per Curiam.
 

 Judgment affirmed.